# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON SAGO, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-160-SMY-RJD |
| JACQUELINE LASHBROOK, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 85), recommending the motions for summary judgment on the issue of exhaustion (Docs. 66 and 67) be granted. Plaintiff filed a timely objection (Doc. 86). For the following reasons, Judge Daly's Report is **ADOPTED**.

### Background

Plaintiff Brandon Sago, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Plaintiff alleges he has been denied medical treatment for injuries resulting from an old gunshot wound in his left arm. Defendants move for summary judgment, asserting Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

Judge Daly held an evidentiary hearing on Defendants' motions pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) and subsequently issued the Report currently before the Court, setting forth the nature of the evidence presented by both sides on the issue of exhaustion,

the applicable law, and the requirements of the administrative process.

Judge Daly examined Plaintiff's grievances dated February 23, 2017, March 22, 2017, April 22, 2017, September 12, 2017, November 20, 2017, and December 24, 2017. She found that Plaintiff failed to timely submit each grievance to the Administrative Review Board after the grievance was denied by the Grievance Officer and Chief Administrative Officer ("CAO") or failed to complete the grievance process in accordance with The Illinois Administrative Code (the "Code"). Accordingly, Judge Daly concluded that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

## **Discussion**

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Id.* In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). The Code governs the grievance and appeals process available to prisoners. A prisoner may file a grievance in the normal course which includes: (1) submitting a grievance to a grievance officer; (2) the grievance officer's findings and recommendations are reviewed by the CAO; (3) the CAO renders a decision; (4) the

CAO's decision may then be appealed to the ARB in writing within 30 days. 20 ILCS §§ 504.830, 504.850(a).

For his objection, Plaintiff asserts that he timely appealed each of his grievances. He contends that Menard employees intentionally process inmate mail slowly to prevent inmates from timely completing the grievance process. Plaintiff's first three emergency grievances (February 23, 2017, March 22, 2017, and April 22, 2017) were received by the ARB on May 15, 2017. Judge Daly found Plaintiff's testimony regarding the grievances questionable and concluded that Plaintiff mailed these grievances to the ARB sometime after April 22, 2017 – rendering the February and March grievances untimely. Judges are clearly in a position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995). The Court finds no reason in the record to second-guess Judge Daly's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

As to Plaintiff's remaining four emergency grievances, it is apparent that Plaintiff simply failed to complete the grievance process after the CAO determined that an emergency was not substantiated and directed Plaintiff to submit his grievance in the normal manner. There is nothing in the record to support Plaintiff's assertion that Menard officials prevented him from timely submitting his grievances.

The Court finds no clear error in Judge Daly's findings, analysis and conclusions, and adopts her Report and Recommendation in its entirety. Accordingly, the motions for summary

judgment filed by the Defendants (Docs. 67, 69) are **GRANTED**. This case is **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  September 11, 2019**

**STACI M. YANDLE**
**United States District Judge**