# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON SAGO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-160-SMY ) |
| JACQUELINE LASHBROOK, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brandon Sago, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Plaintiff alleges he has been denied medical treatment for injuries resulting from an old gunshot wound in his left arm. The Court granted Defendants' motions for summary judgment on the issue of exhaustion (Doc. 87). Now pending is Plaintiff's Motion for Reconsideration (Doc. 88). Defendants filed responses (Docs. 89 and 90). For the following reasons, the Motion is **DENIED**.

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006)). Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of*

*Aurora,* 487 F.3d 506, 512 (7th Cir.2007). In other words, a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Plaintiff contends that he timely appealed each grievance at issue in this case – arguments that were previously made and rejected. Despite Plaintiff's assertions, the evidence in the record supports the conclusion that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Plaintiff fails to identify any newly discovered evidence or a manifest error of law or fact committed by the Court. Accordingly, the Motion for Reconsideration is denied.

**IT IS SO ORDERED.**

**DATED: January 14, 2020**

**STACI M. YANDLE**
**United States District Judge**